**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KELLY SUZANNE SPITZER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **A-25-CV-1098-DAE-ML** |
| **THE CORPORATION OF THE** | § | |
| **UNITED STATES,** | § | |
| **Defendant.** | § | |
| | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE DAVID EZRA
UNITED STATES SENIOR DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Plaintiff styles her Complaint as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, however, the undersigned notes that she does not allege she is a pre-trial detainee within the meaning of the statute. Therefore, the undersigned liberally construes her petition as a civil rights complaint. Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court reviewed Plaintiff Kelly Spitzer's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby

1

**GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

**II.      REVIEW OF THE MERITS OF THE CLAIM**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Spitzer alleges violations of her 5th, 13th, and 14th Amendment rights as well as a violation of the Nuremberg Code. Dkt. 1 at 3. She alleges that she has been subjected to "covert psychological control, manipulation, and enslavement" by the United States government through the CIA's MKUltra program. *Id.* Spitzer "feels constrained by systemic or covert influences traceable to government actions" and is experiencing "involuntary servitude under the 13th Amendment and a deprivation of liberty under the 5th and 14th Amendments." *Id.* She asks that the court, among other things, "[i]ssue a Writ of Habeas Corpus, declaring Petitioner free from any unlawful servitude or psychological restraint imposed by the US"; "[o]rder the United States Department of State to issue a U.S. diplomatic passport for Petitioner, as an affirmation of their autonomy and freedom from alleged government control, to facilitate international recognition of their liberated status"; and "[g]rant a presidential pardon immediately for any crimes committed by this body while under the control of The US, or others under their control." *Id.* at 4.

Spitzer fails to state a claim on which relief may be granted. As her Complaint describes fantastic and delusional scenarios, it lacks an arguable basis in fact and should be dismissed as frivolous. *Neitzke*, 490 U.S. at 327–28.

### III.     ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.     WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED July 22, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE